

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0578-18

**ROBVIA LENEICE SIMPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS ANDERSON COUNTY

**KELLER, P.J., filed a concurring opinion.**

In its brief, the State contends that "res judicata should preclude a defendant from raising an[] affirmative defense when they have pled true to the same offense in a previous probation revocation hearing." A defendant's *plea* of true is irrelevant to the doctrines of res judicata and collateral estoppel, which are implicated only by a trial court's decisions and not by the conduct of the parties. As to the *finding* of true, I agree with the Court that such a finding in a probation revocation hearing can have no preclusive effect on the litigation of self-defense at a criminal trial because the State's burden of proof in a revocation hearing (preponderance of the evidence) is less than its burden on

the issue of self-defense at a criminal trial (beyond a reasonable doubt).[1]  This holding applies even

when there is only one basis for revocation, so we need not address whether the finding of true at

issue here (which was one of several findings) was essential to the judgment.[2]

I concur in the Court's judgment.

Filed: January 15, 2020

Publish

---

[1]  The State incorrectly characterizes self-defense as an "affirmative defense" when in fact it is a "defense." *See* TEX. PENAL CODE §§ 2.03(d) (State must disprove a defense beyond a reasonable doubt), 2.04(d) (defendant must prove affirmative defense by preponderance of the evidence), 9.02 (justifications under Ch 9 are defenses), 9.31 (self-defense is a justification), 9.32 (same).

[2]  We also need not address whether issue preclusion could apply to an issue that was in fact an affirmative defense.